UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CYNTHIA ESTHER LOPEZ,

        CASE NO.:

    Plaintiff,

vs.

WAL-MART STORES EAST, LP, a foreign
Limited partnership,

    Defendant.
_____/

## DEFENDANT'S PETITION FOR REMOVAL

COMES NOW Defendant WAL-MART STORES EAST, LP ("WAL-MART"), by and through its undersigned counsel hereby petitions for Removal of the above-styled action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where the same is now pending as Case No. 2021 CA 006663 to this Court. Removal is proper on the following grounds:

1. Plaintiff commenced a civil action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *CYNTHIA ESTHER LOPEZ vs. WAL-MART STORES EAST, LP,* Case No. 2021 CA 006663. *See* Plaintiff's Complaint in the State Court Action attached hereto as an Exhibit.

2. The Summons and Complaint in this case were served upon Defendant, WAL-MART STORES EAST, LP, on or about June 2, 2021.

3. In pertinent part, Plaintiff *LOPEZ* alleges that she slipped and on an unknown liquid substance causing her to fall and sustain serious and permanent injuries fell while on the premises of the Walmart store located at 9990 Belvedere Road, West Palm Beach, FL 33411.

4. Pursuant to Sections 1332, 1441(b) and 1446 of Title 28 of the United States Code, Defendant, WAL-MART STORES EAST, LP, hereby removes the action from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *CYNTHIA ESTHER LOPEZ vs. WAL-MART STORES EAST, LP,* Case No. 2021 CA 006663.

5. Removal is proper and appropriate under 28 U.S.C §1332, which allows for District Court jurisdiction over, "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. §§1332, 1441, 1446.

## Grounds for Removal

Plaintiff's action may be removed to federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1332(a)(1) (stating the requirements for diversity jurisdiction). As set forth below, Plaintiff's action satisfies both of these jurisdictional requirements.

## Diversity of Citizenship

Diversity of citizenship exists in this case, because this is a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1). In determining a person's citizenship for purposes of diversity jurisdiction, "citizenship is equivalent to 'domicile.'" McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. (citation and quotations omitted). Furthermore, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity

jurisdiction, a party's domicile is equivalent to his citizenship." Katz v. J.C. Penney Corp., 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (internal citations omitted).

According to Plaintiff's Complaint, Plaintiff *LOPEZ* is a resident of Palm Beach County, Florida.

Defendant Wal-Mart Stores East, LP, at all relevant times, was and still is a Delaware Limited Partnership with its principal place of business in Arkansas. *See* Sunbiz Report attached as Exhibit "B". WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

**Amount in Controversy**

This action satisfies the amount in controversy requirement for purposes of removal because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees. Id. "[W]hen the complaint does not claim a specific amount of damages, removal

from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. A district court may consider any pre-suit settlement offers and demands in evaluating whether a case has been properly removed. Katz, 2009 1532129, at *4 (citation omitted). Plaintiff's demand is attached hereto as Exhibit B.

Although Plaintiff's Complaint fails to allege a specific value of the requested relief, it alleges damages in excess of $30,000. The Plaintiff, in fact, seeks to recover damages exceeding $75,000. In support of this posture, the Plaintiff alleges in her Complaint that as a direct and proximate result of the negligence of WAL-MART, Plaintiff *LOPEZ* "..sustained severe, physical and/or mental grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of her injuries; and said injuries are either permanent or continuing in their nature and Plaintiff LOPEZ will suffer the losses into the future." *See* Pl. Comp at ¶ 12.

According to Plaintiff's medical records, the Plaintiff has sustained alleged injuries to the cervical spine, lumbar spine, thoracic spine, left knee, left ankle and right shoulder. These injuries ultimately lead the Plaintiff to undergo diagnostic testing, orthopedic and chiropractic therapy, epidural injections, and laser discectomy of the lumbar spine.

Plaintiff *LOPEZ* claims to have incurred medical bills of not less than $110,009.57 and has made a pre-suit demand in the amount of $750,000.00. Indeed, Defendant believes that the issue of threshold damages is uncontested.

Accordingly, because the amount in controversy in this action exceeds the jurisdictional requirement and because citizenship of the parties is diverse, this action provides a basis for

original diversity jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## Venue

Plaintiff's action is pending in state court in Palm Beach County, Florida, which is within this judicial district and division. *See* 28 U.S.C §89(b). This Court is the proper venue for removal under 28 U.S.C. §§1441(a), 1446(a).

## Timeliness

As aforementioned, Defendant was served on June 2, 2021. Defendant has sought removal within thirty days from the date that Plaintiff's Complaint was served on and received by the Defendant. Accordingly, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b) (stating notice of removal must be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based).

## Notice

As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal to the Plaintiff and will file a copy of it with the clerk of the state court.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that this action, previously pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

WHEREFORE, Defendant WAL-MART STORES EAST, LP, by and through its undersigned attorney, respectfully requests that this matter be removed and that this Honorable Court grant such other and additional relief as is otherwise proper.

Dated:  July 2, 2021

                        Respectfully Submitted,

                        MARSHALL DENNEHEY

BY:   s/ D. Terrance Hill, Esq.
        D. TERRANCE HILL, ESQ.
        Florida Bar Number:  0071971
        ERIC L. REICHENBERGER, ESQ.
        dthill@mdwcg.com
        elreichenberger@mdwcg.com
        2400 E. Commercial Blvd., Suite 1100
        Fort Lauderdale, FL 33308
        Telephone:  954-847-4920
        Facsimile:  954-627-6640
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Aaron Feuer, Esq.
Rubenstein Law, P.A.
250 S. Australian Ave
Suite 100
West Palm Beach, FL 33401
aaron@rubensteinlaw.com
eservice@rubensteinlaw.com
crencurrell@rubensteinlaw.com

                        MARSHALL DENNEHEY

                    BY:   s/ D. Terrance Hill, Esq.
                        D. Terrance Hill, ESQ.