

## Service of Process Transmittal
06/02/2021
CT Log Number 539662369

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Florida**

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cynthia Esther Lopez, Pltf. vs. Wal-Mart Stores East, LP, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Order, Complaint, Notice, Initial Interrogatories, Request(s) |
| **COURT/AGENCY:** | Palm Beach County Circuit Court, FL<br>Case # 502021CA006663XXXXMB |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 07/09/2020 - 9990 Belvedere Road, West Palm Beach, FL 33411 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/02/2021 at 03:15 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Aaron Feuer<br>Rubenstein Law, P.A.<br>9130 S. Dadeland Blvd, PH<br>Miami, FL 33156<br>305-661-6000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/03/2021, Expected Purge Date: 06/08/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / DP



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Wed, Jun 2, 2021 |
| **Server Name:** | Jacqueline Garcia |

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Case Number | 502021CA006663XXXX |
| Jurisdiction | FL |



Filing # 127749799 E-Filed 05/28/2021 11:52:38 AM

GX.#1449
6/2/21
2:50pm

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CYNTHIA ESTHER LOPEZ,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,                CIVIL DIVISION

    Defendant.                                        CASE NO.: 50-2021-CA-006663-XXXX-MB

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Serving Interrogatories, Request for Production, and Request for Admissions in this action on Defendant:

**WAL-MART STORES EAST, LP
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Aaron Feuer, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**Jun 01 2021**

DATED ON: on this _____ day of _____, 2021.    **JOSEPH ABRUZZO**
Clerk of Said Court

BY: _____
As Deputy Clerk
(Court Seal)    **JOSIE LUCCE**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**

Filing # 127634625 E-Filed 05/27/2021 08:11:11 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**CYNTHIA ESTHER LOPEZ,**

    Plaintiff,

v.

**WAL-MART STORES EAST, LP,**        CIVIL DIVISION

    Defendant.                               CASE NO.: 50-2021-CA-006663-XXXX-MB
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **CYNTHIA ESTHER LOPEZ**, by and through the undersigned counsel, hereby sues the Defendant, **WAL-MART STORES EAST, LP** and alleges:

### JURISDICTION

1. This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

### PARTIES

2. At all times material hereto, the Plaintiff, **CYNTHIA ESTHER LOPEZ**, was and is a resident of Palm Beach County, Florida, and is otherwise *sui juris*.

3. At all times material hereto, the Defendant, **WAL-MART STORES EAST, LP,** was and is a Florida Corporation organized under the laws of the State of Florida and doing business in Palm Beach County, Florida.

### VENUE

4. Venue is proper in this County in that the Defendant does business in Palm Beach County, Florida, and/or all of the acts complained of herein occurred in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

5. That on or about July 9, 2020, the Plaintiff, **CYNTHIA ESTHER LOPEZ**, was a business invitee of the Defendant, **WAL-MART STORES EAST, LP**'s premises located at 9990 Belvedere Road, West Palm Beach, FL 33411.

## COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST, LP

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 5 as if fully set forth herein.

6. That at all times material hereto, and specifically on July 9, 2020, Defendant, **WAL-MART STORES EAST, LP**, owned, managed, controlled, operated, and/or maintained the premises located at 9990 Belvedere Road, West Palm Beach, FL 33411.

7. That on or about July 9, 2020, the Plaintiff, **CYNTHIA ESTHER LOPEZ**, was lawfully in Defendant, **WAL-MART STORES EAST, LP's** premises, when she slipped and fell on an unknown liquid substance causing her to fall and sustain serous and permanent injuries.

8. That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

9. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

    a. By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as an unknown liquid substance, believed to be something other than just water, and/or other substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

    b. By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

     c.    Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

     d.    By failing to remove said unidentified liquid substance and/or other similar substance from the floor of the premises; and/or

     e.    By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

     f.    Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a liquid substance believed to be a substance other than just water, and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

10.    That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

11.    That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

12.    As a direct and proximate result of the aforementioned negligence of the Defendant, **WAL-MART STORES EAST, LP's** the Plaintiff, **CYNTHIA ESTHER LOPEZ**, slipped on a liquid substance and/or a similar substance that had accumulated on the floor and sustained severe, physical and/or mental grievous and permanent injuries, physical and mental pain and suffering,

- 3 -

disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **CYNTHIA ESTHER LOPEZ** will suffer the losses into the future.

WHEREFORE, Plaintiff, **CYNTHIA ESTHER LOPEZ**, hereby demands judgment for damages, costs and interest from the Defendant, **WAL-MART STORES EAST, LP,** together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff, **CYNTHIA ESTHER LOPEZ**, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: May 27, 2021

                                         **RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
250 S. Australian Ave
Suite 1000
West Palm Beach, FL 33401
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: aaron@rubensteinlaw.com
       crencurrell@rubensteinlaw.com
       eservice@rubensteinlaw.com

By:   */s/ Aaron Feuer*
       **AARON FEUER**
       Florida Bar No.: 100542

- 4 -